UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.

JONATHAN CRUZ-VEGA,

        Defendant.

**DECISION AND ORDER**

6:20-CR-06101 EAW

---

## I.    <u>INTRODUCTION</u>

Pending before the Court are objections filed by defendant Jonathan Cruz-Vega ("Defendant") to a Report and Recommendation issued by United States Magistrate Judge Mark W. Pedersen. (Dkt. 640 (Report and Recommendation); Dkt. 648 (Objections)). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

The Court has conducted a thorough review of the Report and Recommendation and the parties' filings before this Court and Judge Pedersen. After a *de novo* review of the issues as to which objections were filed, and after a thorough consideration of all the issues raised in Defendant's suppression motion, the Court hereby accepts and adopts in its entirety the Report and Recommendation (Dkt. 640) and overrules Defendant's objections (Dkt. 648). As a result, the Court denies Defendant's motion to suppress evidence recovered from 195 Campbell Park, Rochester, New York. (Dkt. 632; *see also* Dkt. 549)[1].

---

[1] As Judge Pedersen explains in the Report and Recommendation (*see* Dkt. 640 at 1 n.1), Defendant originally filed his omnibus motion on September 9, 2021 (Dkt. 549). After being granted leave by Judge Pedersen (Dkt. 583), Defendant filed his supplemental

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by way of a superseding indictment returned on March 25, 2021, with one count of a narcotics conspiracy in violation of 21 U.S.C. § 846, one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, six counts of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1).  (Dkt. 394).  This Court referred all pretrial matters in the case to Judge Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Dkt. 139; Dkt. 629).

Defendant seeks suppression of "all evidence, physical and testimonial, obtained or derived from, through, or as a result of the . . . seizure and search of the premises at 195 Campbell Park, Rochester, NY[.]"  (Dkt. 632 at 3).  After holding oral argument, Judge Pedersen issued a Report and Recommendation on March 2, 2022, recommending that the undersigned deny Defendant's motion to suppress.  (Dkt. 640).

Defendant objects to the Report and Recommendation.  (Dkt. 648).  The government filed a memorandum in opposition to Defendant's objections on March 31, 2022, at which time the Court took the matter under advisement.  (Dkt. 674; Dkt. 683).

---

motion to suppress on February 17, 2022 (Dkt. 632).  The supplemental motion "added an affidavit from Defendant asserting a basis for standing to oppose the search of 195 Campbell Park," which caused the government to withdraw its lack of standing argument.  (Dkt. 640 at 1 n.1).

### III. STANDARD AND ANALYSIS

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

#### A. Probable Cause

Defendant argues that the search warrant in this case, which was issued by Judge Pedersen, was unsupported by probable cause because: (1) "[t]here was no specific affidavit filed as to why there was a need to search 195 Campbell Park"; (2) the affidavit submitted in support of the search warrant, "upon information and belief," contains "such errors, misrepresentations, falsehoods, unsubstantiated false opinions and blind conjecture . . . that it demonstrates a reckless disregard for the truth and serves to invalidate the warrant"; and (3) "the allegations contained within the search warrant application are void

- 3 -

of any factual reference to the Defendant or his alleged involvement in any criminal activity." (Dkt. 648 at 2-4)[2].

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  "To establish probable cause to search a residence, two factual showings are necessary—first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983).

"[P]robable cause to search a place exists if the issuing judge finds a 'fair probability that contraband or evidence of a crime will be found in a particular place' and a federal court must apply a 'totality-of-the-circumstances analysis' in pursuing this inquiry." *United States v. Ponce*, 947 F.2d 646, 650 (2d Cir. 1991) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  When reviewing the validity of a search warrant:

---

[2]     Defendant also argues that "the defects in the warrant are compounded by reference in the warrant to assist law enforcement in conducting a proper search." (Dkt. 648 at 2). It is unclear to the Court what this argument means.  Defendant cites to *United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013), wherein the Second Circuit noted that "[t]he fact that [an] application adequately described the 'things to be seized' does not save [a] warrant from . . . facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Id*. at 448 (citation and original emphasis omitted); *see also United States v. Lustyik*, 57 F. Supp. 3d 213, 225-26 (S.D.N.Y. 2014) (explaining that the Fourth Amendment requires that a search warrant be sufficiently particular by identifying the specific offense for which probable cause has been established, describing the place to be searched, and specifying the items to be seized by their relation to the designated crimes).  However, this case law has no applicability here because the search warrant itself set forth with the requisite particularity the items to be seized.  To the extent Defendant is challenging the search warrant on this basis, his argument is without merit.

> the duty of [the] court . . . is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed. A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and doubts should be resolved in favor of upholding the warrant.

*United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quotations and citations omitted); *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) ("[A] reviewing court must accord considerable deference to the probable cause determination of the issuing magistrate. . . ."). "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit [applying for a warrant] should not take the form of *de novo* review." *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting *Gates*, 462 U.S. at 236) (alteration in original). "[R]esolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Id.* (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)); *see United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) ("Such deference derives not only from the law's recognition that probable cause is 'a fluid concept' that can vary with the facts of each case, but also from its 'strong preference' for searches conducted pursuant to a warrant, and its related concern that '[a] grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." (alteration in original) (citations omitted)).

Defendant's argument that probable cause was lacking in this case is unavailing. As Judge Pedersen explains in the Report and Recommendation, the affidavit submitted in support of the search warrant application stated that Defendant resided at 195 Campbell Park and described, in addition to numerous other details related to Defendant's alleged

drug crimes, a controlled purchase by a confidential source of heroin/fentanyl from Defendant in January of 2020. (Dkt. 640 at 3). On that occasion, Defendant was observed driving directly from his residence at 195 Campbell Park to the location where he met the confidential source. (*Id.*; *see* Dkt. 1 at ¶¶ 80-81). After traveling to a secondary location and providing the confidential source with what appeared to be heroin/fentanyl, Defendant was observed returning to his residence. (Dkt. 1 at ¶ 86). The affidavit also details multiple other instances in which confidential sources purchased narcotics from Defendant. (Dkt. 640 at 3; *see* Dkt. 1 at ¶¶ 89-101). Further, DEA Special Agent Sabatino G. Smith, who signed the affidavit, explained that, based on his training and experience, he was aware that traffickers in controlled substances frequently store narcotics and drug trafficking paraphernalia at their residences. (*Id.* at ¶ 377). "An investigator's opinion that based on training and experience, drug traffickers maintain evidence of their illegal activities at their residences, may assist in establishing probable cause to search." *United States v. Williams*, 350 F. Supp. 3d 261, 268 (W.D.N.Y. 2018).

Defendant's arguments regarding the truthfulness of Special Agent Smith's affidavit are entirely conclusory and accordingly lack merit. It is well-established that a defendant's attack on material contained in a search warrant application "must be more than conclusory. . . . There must be allegations of deliberate falsehood or of reckless disregard for the truth, and <u>those allegations must be accompanied by an offer of proof</u>. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *United States v. Fernandes*, 50 F. Supp. 3d 398, 402 (W.D.N.Y. 2014) (emphasis added and

quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Defendant's unsupported assertions regarding Special Agent Smith's truthfulness, which are made on "information and belief," fail entirely to meet this standard. On this record, the Court finds no basis to conclude that probable cause was lacking.

### B. Good Faith Exception

In the alternative, even if the search warrant was unsupported by probable cause, the Court finds that the evidence would not be suppressed under the good faith exception recognized in *United States v. Leon*, 468 U.S. 897 (1984).

The exclusionary rule does not automatically operate to suppress the seized evidence. "Indeed, exclusion has always been our last resort, not our first impulse." *United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010) (quoting *Herring v. United States*, 555 U.S. 135, 140 (2009)). There are four circumstances where an exception to the exclusionary rule would not apply and evidence obtained pursuant to a warrant lacking probable cause should be excluded:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; [or] (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

*United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923). "These exceptions reflect the general rule that, '[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.'" *United States v. Romain*, 678 F. App'x 23, 25 (2d Cir. 2017) (alteration in original)

(quoting *Herring*, 555 U.S. at 144). "The pertinent analysis of deterrence and culpability is objective, and our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances." *Rosa*, 626 F.3d at 64 (quotations and citations omitted).

"'The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance' on an invalidated warrant." *Clark*, 638 F.3d at 100 (citations omitted). Moreover, as counseled by the Second Circuit, in assessing whether the government has met its burden, a court must consider that "in *Leon*, the Supreme Court strongly signaled that most searches conducted pursuant to a warrant would likely fall within its protection." *Id.*

Here, Defendant argues that the good faith exception does not apply because "the alleged facts relied upon by the court were knowingly untrue, misleading and conclusory speculation bearing no relation to actual conduct and obviously motive by the agents to essentially eviscerate the Fourth Amendment protections of the defendant requiring probable cause." (Dkt. 648 at 5-6). Again, Defendant cites to absolutely no proof supporting this contention. Defendant's conclusory assertion that Special Agent Smith misled the Court, unsupported by any facts or evidence, does not render the good faith exception inapplicable.

## IV. **CONCLUSION**

For the foregoing reasons, and the reasons set forth in the Report and Recommendation, the Court adopts the Report and Recommendation (Dkt. 640) in its entirety and denies Defendant's motion to suppress (Dkt. 632; *see also* Dkt. 549).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 28, 2022
       Rochester, New York